DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY,**
Appellant,

v.

**BETTYE RYAN,** as personal representative of the Estate of **THOMAS RYAN,** and **BETTYE RYAN,** individually,
Appellees.

No. 4D16-1845

[December 13, 2017]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case Nos. 08-80000 (19) and 08-022579 (19).

William L. Durham II, Scott Michael Edson and Jeffrey S. Bucholtz of King & Spalding LLP, Atlanta, GA, and Washington, DC, and Robert C. Weill of Sedgwick LLP, Miami, for appellant.

Maegen Peek Luka, Celene H. Humphries and Thomas J. Seider of Brannock & Humphries, Tampa, Alex Alvarez of The Alvarez Law Firm, Coral Gables, and Gary Paige of Gordon & Doner, P.A., Davie, for appellees.

DAMOORGIAN, J.

In this *Engle*[1] progeny case, R.J. Reynolds Tobacco Company ("RJR") appeals the final judgment entered in favor of Thomas Ryan and his wife Bettye Ryan ("Plaintiffs") after the jury found RJR liable for Mr. Ryan's chronic obstructive pulmonary disease. Both parties raise several issues on appeal and cross-appeal, however we write only to address: (1) RJR's argument that the Surgeon General's Reports ("the Reports") were erroneously admitted into evidence and improperly used to establish addiction-causation and to bolster expert opinions; and (2) Plaintiffs' argument that, in the event of reversal, they should be permitted to amend the complaint to seek punitive damages on their negligence and strict liability claims.

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).

In *Philip Morris USA, Inc. v. Pollari*, 228 So. 3d 115, 120–30 (Fla. 4th DCA 2017), we recently held that the very same Reports constitute hearsay, are inadmissible as either public records or adoptive admissions, and may not be used to impermissibly bolster the opinions of testifying experts. Because the Reports were relied on at every major stage of the trial and used "to unfairly buttress [the plaintiff's] factual contentions . . . using the imprimatur of the Surgeon General of the United States," we also held that the plaintiff could not meet her burden of showing that the error was harmless. *Id.* at 130–31.

The admission of, and extensive reliance on the Reports in the present case was equally erroneous. Just as is *Pollari*, Plaintiffs "relied on these Reports at every major stage of the trial for numerous propositions, and read various portions during opening statements, the presentation of expert witness testimony, and closing arguments." *Id.* at 119. Plaintiffs also projected key statements from the Reports on slides for the jury to review and used those slides to bolster the opinions of one of their experts. Overall, the Reports were presented as authoritative and conclusive evidence that nicotine exposure essentially rewires the brain and removes an individual's choice to continue smoking and that nicotine addiction is the fundamental reason why individuals persist in using tobacco products. In other words, the Reports were used to unfairly buttress Plaintiffs' factual contentions concerning two key contested issues at trial: addiction and addiction-causation. *See Philip Morris USA, Inc. v. Douglas*, 110 So. 3d 419, 431–32 (Fla. 2013) (noting that "proving class membership often hinges on the contested issue of whether the plaintiff smoked cigarettes because of addiction or for some other reason"). Considering the extensive use of the Reports at trial, Plaintiffs cannot meet their burden of showing that the error was harmless. *See Pollari*, 228 So. 3d at 130–31; *see also R.J. Reynolds Tobacco Co. v. McCoy*, Fla. L. Weekly D2408, D2408 (Fla. 4th DCA Nov. 8, 2017). Accordingly, we reverse and remand for a new trial.

In light of our disposition, Plaintiffs argue that this Court should remand with instructions that the trial court grant their previously denied request to seek punitive damages on their negligence and strict liability claims pursuant to *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219 (Fla. 2016). RJR concedes that Plaintiffs are free to seek the trial court's leave to add a request for punitive damages on the non-intentional tort claims, but argues that it is inappropriate for this Court to grant such a request because the trial court must first find that Plaintiffs have proffered a reasonable evidentiary basis to seek punitive damages on those claims. We agree with RJR and hold that, on remand, Plaintiffs may seek leave from the trial court to add claims for punitive damages on their negligence

2

and strict liability counts.  *See McCoy*, Fla. L. Weekly at D2408 ("On remand, the plaintiff is free to seek leave from the trial court to add claims for punitive damages on his negligence and strict liability counts.").

*Reversed and remanded for a new trial.*

WARNER and TAYLOR, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**